### RILEY et v RILEY

Ohio Appeals, 7th Dist, Monroe Co
Decided April 29, 1931

Moore, Moore & Moore, J. G. Devaul, Woodsfield, and Chas. E. Timberlake, Bellaire, for Riley et.

Matz & Matz, Woodsfield, for Richard Riley.

FARR, J.

In the second defense, it is averred that on the 28th day of December, 1921, he was the owner of the premises in the petition described, and which premises were then encumbered by a note and mortgage, held by C. E. Ketterer, in the sum of $1,200.00, and upon which, an action to foreclose had been commenced.

It is further alleged that plaintiff in error is crippled in both hands and feet, and unable to do much farm work; that the defendant in error, an elder brother who was well situated financially, approached plaintiff in error advising him not to sell the farm at that time, but that he would furnish the money, and loan the defendant below a sufficient sum to discharge the note and mortgage due Ketterer.

It is further averred that the premises in question were worth some $3,500.00, and that negotiations were pending between Alfred Riley, and Jesse Lemley for a sale at that sum, and which would leave Alfred Riley a sufficient sum to purchase a smaller farm, and thereby save for himself and family a home, there being about $1,900.00 remaining of the value of said premises.

It is, also, alleged by Alfred Riley that he is of the age of 76 years, and crippled, as before stated.

To the second defense, a motion was filed, which was overruled, and thereupon, a reply was filed which admits many of the allegations of the second defense of the answer.

Thereafter, and on the day set for trial, plaintiff below, by leave of court withdrew his reply and filed a general demurrer, which was sustained and, as above stated, the defendant, not desiring to plead further, judgment was entered, and, from that judgment, it is prosecuted here upon the grounds that the trial court erred in sustaining said demurrer.

It is not now necessary to enter upon a detailed discussion of this cause, in view of the conclusion reached, and in view of the fact that the reply admits many of the averments of the second grounds of defense.

It is, therefore, sufficient to say that the trial court erred in sustaining the demur-

rer in question, and, for that reason, the judgment must be reversed, and the cause remanded with the suggestion that perhaps the defendant below may desire to amend his answer, asking for a reformation of the note and mortgage to correspond with the arrangement set out in the second ground of defense, which, if true, would entitle the defendant to reformation.

For the reason given, the judgment is reversed and the cause remanded.

POLLOCK and ROBERTS, JJ, concur.